UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DECOLE ARTRY, a/k/a Dicole L. Slayden, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 3:19-cv-00309<br>) |
| WILSON COUNTY JAIL, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

Decole Artry, also known as Dicole L. Slayden, is an inmate at the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee who was formerly incarcerated in the Wilson County Jail in Lebanon, Tennessee. On April 16, 2019, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed *in forma pauperis* (IFP). (Doc. No. 2.) These filings were accompanied by a letter notifying the Court of Plaintiff's transfer from Wilson County to BCCX. (Doc. No. 1-1.)

The Court subsequently entered an Order notifying Plaintiff that his IFP application was deficient. (Doc. No. 4.) Upon ascertaining that the Order was not delivered because the Tennessee Department of Correction identifies Plaintiff as Decole Artry rather than Dicole L. Slayden, the Court reissued notice of his IFP application's deficiency, prompting Plaintiff to file an amended IFP application. (Doc. No. 6.)

I.  **Application to Proceed IFP**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00

required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 6) will be granted by Order entered contemporaneously herewith.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.  Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cty., 763 F.3d 592, 595 (6th Cir. 2014).

**C.  Allegations and Claims**

Plaintiff alleges that he arrived at the Wilson County Jail on July 12, 2018, following his transfer from Davidson County. (Doc. No. 1 at 5.) He alleges that he had surgery while he was incarcerated in Davidson County, but that the Wilson County Jail staff "don't want to handle from w[h]ere Nashville Jail left off." (Id.) Plaintiff states that he "constantly" requested a return to the hospital, but unnamed Jail staff just gave him "the run around saying they gonna do this and they gonna do that." (Id.) As of January 11, 2019,[1] the Jail had not sent Plaintiff back to the hospital

---

[1]  The Court notes that although the complaint was received in this Court on April 16, 2019, it is dated January 12, 2019. (Doc. No. 1 at 11.)

3

"for the rest of [his] surgery," though he had been "thr[o]wing up blood, and thr[o]wing up his food every day," and had experienced weight loss and pain in his stomach. (Id.)

Plaintiff has named as Defendants the Wilson County Jail, "Wilson County Jail COs," and "Wilson County Jail Medical." (Id. at 1, 2.) He states that he is filing for "medical neg[lect]" and seeking relief of "at least $75,000 for pain [and] suffering." (Id. at 4, 5.)

**D.     Analysis**

To begin with, neither the Wilson County Jail nor its "COs" and medical staff are proper defendants under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" Hix v. Tennessee Dep't of Corr., 196 F. App'x 350, 355 (6th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." Tucker v. Salandy, No. 3:17-cv-00671, 2017 WL 2438401, at *2 (M.D. Tenn. June 6, 2017). Likewise, the Wilson County Jail's correctional staff and medical staff are not corporate or political entities and are therefore not subject to suit under Section 1983. Hix, 196 F. App'x at 356; Sullivan v. Hamilton Cty. Jail Staff, No. 1:05-cv-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (medical staff and jail staff are subdivisions of sheriff's department and not legal entities subject to suit). This case must therefore be dismissed for failure to name a proper defendant.

In addition to failing to name a proper defendant, Plaintiff fails to state a plausible claim for violation of his federal rights. He explicitly claims medical negligence, which is not a viable theory under Section 1983. Estelle v. Gamble, 429 U.S. 97, 106–07 (1976). Even if the Court were to liberally construe his claim as an Eighth Amendment claim for deliberate indifference to serious

4

medical needs, Plaintiff's current factual allegations concerning his medical treatment at the Jail are not sufficient to make such a claim plausible. He vaguely alleges that, when he repeatedly requested to be sent back to the hospital for "the rest of [his] surgery," he was given "the run around" and told that the staff would do "this" or "that," but not "handle from w[h]ere Nashville Jail left off. (Doc. No. 1 at 5.)

In evaluating a deliberate indifference claim, the Sixth Circuit "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those where the claim is that a prisoner received inadequate medical treatment." Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). If the allegation is that the prisoner received inadequate medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law," though "it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all." Id. (internal quotation marks omitted). Furthermore, the decision not to order repeat surgery for a condition that has previously required surgical treatment, if based upon a difference in medical opinion, would not violate the Eighth Amendment. Reid v. Sapp, 84 F. App'x 550, 552 (6th Cir. 2003) (finding no constitutional claim where prison doctor rejected outside physician's recommendation of repeat surgery in favor of "more conservative approach because of Reid's prior surgeries").

Although Plaintiff alleges that additional surgery was contemplated by his doctors in Nashville, and that serious symptoms persisted following his initial surgery, the complaint does not shed sufficient light on the nature of the treatment he received while incarcerated in the Wilson County Jail. While the Court must view the complaint in the light most favorable to Plaintiff, it may not create a claim which is not spelled out in that pleading. Brown, 415 F. App'x at 613.

Accordingly, the Court finds that Plaintiff's current allegations are insufficient to state a plausible claim under Section 1983.

### III. Conclusion

In light of the foregoing, the Court will dismiss this action for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, this dismissal will be without prejudice to Plaintiff's ability to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), together with an amended complaint that names proper Defendants and gives them fair notice of what Plaintiff's claims are and the specific factual grounds upon which they rest. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). Plaintiff is cautioned that any such motion to alter or amend and amended complaint must be filed within 28 days of the entry of the Order accompanying this Memorandum Opinion.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE